UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 04-30002 |
| Plaintiff, | |
| -vs- | ORDER AND OPINION ON MOTION TO VACATE |
| RICHARD LAPLANTE, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant and co-defendant Mark High Elk were convicted of two counts of assault resulting in serious bodily injury (two victims) and two counts of simple assault (the lesser included offenses of separate charges of assault with a dangerous weapon against the two victims). A third defendant, Merle High Elk, was acquitted of all counts.

Defendant was sentenced to 66 months custody on each of the assault resulting in serious bodily injury charges and six months custody on each of the simple assault charges, all terms to run concurrently. He appealed his convictions and sentences to the United States Court of Appeals for the Eighth Circuit. His convictions and sentences were affirmed on April 3, 2006. United States v. High Elk, 442 F.3d 622 (8th Cir. 2006).

Defendant has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He has also filed a motion to proceed *in forma pauperis* and a motion to extend the time within which to file a brief in support of his motion to vacate.

Defendant contends that (1) his sentence was imposed in violation of the Sixth Amendment to the United States Constitution because his sentence was based upon facts found only by a preponderance of the evidence, (2) his convictions for the lesser included offenses of simple assault violate the Double Jeopardy Clause, (3) he received ineffective assistance of counsel when counsel failed to object to my use of the sentencing guidelines as advisory only, and (4) he received ineffective assistance of counsel because his counsel failed to file unnamed

objections to the Guidelines calculations. I have conducted an initial consideration of the motion to vacate, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Court.

## I. Sixth Amendment Violation

The United States Supreme Court held in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), that other than a prior conviction, facts used to enhance a sentence must either be admitted by the defendant or submitted to the jury and found beyond a reasonable doubt. The United States Supreme Court applied the rule in Apprendi in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), striking down a Washington determinate sentencing guidelines scheme. On January 12, 2005, the United States Supreme Court applied the Apprendi rule to the Federal Sentencing Guidelines in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The Supreme Court in Booker excised a portion of the Sentencing Reform Act to make the Federal Sentencing Guidelines advisory only. United States v. Booker, 543 U.S. at 245, 125 S.Ct. at 756-57. "Under an advisory Guidelines regime, sentencing judges are only required to find sentence-enhancing facts by a preponderance of the evidence." United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006).

The jury was unable to reach a decision on the two assault with a dangerous weapon counts. At sentencing for the two assault resulting in serious bodily injury counts, I applied an enhancement for the use of a dangerous weapon, based upon a preponderance of the evidence. Defendant has no Sixth Amendment right to have such sentencing factors found beyond a reasonable doubt. Defendant cannot succeed on his first claim for relief.

## 2. Double Jeopardy.

Defendant raised on direct appeal his claim that the constitutional prohibition against double jeopardy precludes his convictions for both assault resulting in serious bodily injury and the lesser included offenses of simple assault but the Eighth Circuit declined to consider the claim because it was not raised before this court prior to appeal. United States v. High Elk, 442 F.3d at 624. Defendant contends he received ineffective assistance of trial counsel in this regard.

We cannot ignore the double jeopardy issue even though the defendant did not receive incremental punishment for the simple assault convictions. United States v. Chipps, 410 F.3d at 448. The fact that he was required to pay an additional special assessment to the victim's assistance fund, although nominal, is sufficient to give him an interest in not being wrongfully convicted of simple assault. *Id*.

The Double Jeopardy Clause prohibits "a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." Dep't of Revenue v. Kurth Ranch, 511 U.S. 767, 769 n. 1, 114 S.Ct. 1937, 1941 n. 1, 128 L.Ed.2d 767 (1994). The double jeopardy clause does not prevent multiple punishments for the same offense where Congress has specifically authorized cumulative punishment under two statutes. United States v. Doffin, 791 F.2d 118, 120 (8th Cir. 1986). Thus, where a statute specifically states that the defendant "shall, in addition to any other punishment, be sentenced . . ." the double jeopardy clause would not be implicated. United States v. Mills, 835 F.2d 1262, 1264 (8th Cir. 1987) (not double jeopardy to charge and convict for assault with a dangerous weapon under 18 U.S.C. § 113(a)(3) and use of a firearm during a crime of violence under 18 U.S.C. § 924(c)). The assault statute, 18 U.S.C. § 113(a), sets forth seven different substantive offenses, none of which authorize cumulative punishment.

In this case, defendant was convicted of two lesser included counts of simple assault along with the two counts of assault resulting in serious bodily injury. Defendant and his attorney asked the court to submit the lesser included offense charges to the jury, and defendant was entitled to those charges under Fed. R. Crim. P. 31(c)(1). The United States Supreme Court, in Schmuck v. United States, 489 U.S. 705, 716, 109 S.Ct. 1443, 1450, 489 L.Ed.2d 734 (1989), adopted the elements approach to Rule 31(c) "whereby one offense is necessarily included within another only when the elements of the lesser offense form a subset of the elements of the offense charged." 489 U.S. at 709, 109 S.Ct. at 1447. *Accord*, United States v. Cavanaugh, 948 F.2d 405, 409 (8th Cir. 1991). The Schmuck "decision in no way alters the independent prerequisite for a lesser included offense instruction that the evidence at trial must be such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater." United States v. Two Bulls, 940 F.2d 380, 381 (8th Cir. 1991) (*quoting* Schmuck, 489 U.S. at 716 n. 8,

3

109 S.Ct. at 1450 n. 8. Thus, since the 1989 decision in Schmuck, the test for giving a lesser included offense instructions is whether:

> (1) the elements of the offense are a subset of the elements of the charged offense, and (2) the evidence at trial permits a jury to rationally find the defendant guilty of the lesser offense and acquit him of the greater.

United States v. Estrada-Fernandez, 150 F.3d 491, 494 (5th Cir. 1998).

Schmuck is not the test for determining whether sentencing on both the simple assault and the assault resulting in serious bodily injury offenses constitutes double jeopardy. The United States Supreme Court established in United States v. Dixon, 509 U.S. 688, 704, 712, 113 S.Ct. 2849, 2860, 2864, 125 L.Ed.2d 556 (1993), that the test for double jeopardy purposes is the "same elements" test set forth in Blockburger. United States v. Turner, 130 F.3d 815, 818 (8th Cir. 1997). "If each offense requires proof of an element not required by the other, the crimes are not considered the same, and a double jeopardy challenge necessarily fails." United States v. Good Bird, 197 F.3d 1203, 1204 (8th Cir. 1999) (*citing* Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). Applying this test, it is clear that convictions and sentences for assault with a dangerous weapon and assault resulting in serious bodily injury do not violate the Double Jeopardy Clause. Conviction for assault with a dangerous weapon requires a finding that a dangerous weapon was used. Conviction for assault resulting in serious bodily injury requires a finding that serious bodily injury occurred. Each offense requires proof of an element not required by the other.

The Blockburger same elements test applies to determine whether "the same act or transaction" can be charged as a violation of two separate statutory provisions without violating double jeopardy. Blockburger, 284 U.S. at 304. In this case, I am called upon to determine whether convictions and sentences for (1) the offenses of simple assault and (2) assault resulting in serious bodily injury, which assaults arose out of the same occurrence, violate the Double Jeopardy Clause. The jury was charged that in order to convict of the lesser included offenses of simple assault, the government had to prove:

1. the defendant voluntarily and intentionally assaulted the victim in question,
2. the defendant was not acting in self defense,
3. the defendant is an Indian, and
4. the offense occurred in Indian country.

4

The jury was charged that in order to convict of the crime of assault resulting in serious bodily injury, the government had to prove:

1. the defendant voluntarily and intentionally assaulted the victim in question,
2. the assault resulted in serious bodily injury to the victim in question,
3. the defendant was not acting in self defense,
4. the defendant is an Indian, and
5. the offense occurred in Indian country.

Under the Blockburger double jeopardy same elements test, simple assault could well be a lesser included offense of assault resulting in serious bodily injury.

However, in the Eighth Circuit, simple assault is not a lesser included offense of assault resulting in serious bodily injury. Simple assault, § 113(a)(5), in the Eighth Circuit is a lesser included offense of assault with a dangerous weapon, § 113(a)(3). United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005) (*citing* United States v. Estrada-Fernandez, 150 F.3d at 495). Assault by striking, beating, or wounding in violation of 18 U.S.C. § 113(a)(4) is a lesser included offense of assault resulting in serious bodily injury. United States v. McCloskey, 169 F.3d 506, 507 n. 1 (8th Cir. 1999).

The Blockburger test is not conclusive of the issue in this case because, as the facts show, the assaults on the two victims were not a single act or transaction. The United States Court of Appeals for the Eighth Circuit held in United States v. Chipps, 410 F.3d 438 (8th Cir. 2005), that simple assault is a "course-of-conduct offense" and we must therefore apply the "impulse test" to determine whether the simple assault convictions should be treated as one offense with each other, or, for that matter, whether the simple assault convictions should be treated as one offense with the § 113(a)(6) offenses. *Id.* at 449.

The facts in this case, in the light most favorable to the verdict, were that the defendant was angry that his girlfriend was at their house drinking with others, including an "old boyfriend." Defendant and his co-defendants went to the defendant's house and the defendant used his key to let them all into the house. Upon entering the house, the defendant allegedly pushed Francis Addison out of the doorway with the large end of a baseball bat. Co-defendant Mark High Elk then hit Francis several times. Mark High Elk testified he hit Francis with his fists. Francis testified Mark High Elk hit him with a bat. The jury could not reach a verdict on

5

the crime of assaulting Francis with a bat. Francis also testified that co-defendant Merle High Elk also hit him but the jury acquitted Merle High Elk on all counts.

Royce Dauphanais testified that, after Richard LaPlant came into the house and pushed Francis out of the way, Richard LaPlant grabbed Royce by the shoulders or shirt, trying to pull Royce to the ground. At the same time, Royce was getting hit in the head and face by some other person. Royce testified that he was getting hit by a bat but the jury could not reach a decision on the crime of assaulting Royce with a bat.

Special F.B.I. Agent David Mackey testified, on rebuttal, that defendant had given a statement admitting to having hit Royce, either in the arm or the head, with a bat. Defendant in a later interview retracted that statement. Defendant Mark High Elk gave a statement to Mackey that defendant LaPlant was swinging a bat around the room.

As a result of the assaults, Francis received 27 stitches. Francis, at the time of the presentence investigation, still suffered from migraine headaches and short term memory loss as a result of the assaults. Royce received 17 stitches and had several welts on his back, along with contusions and abrasions. Royce has a scar on his head and, at the time of the presentence investigation, still had memory problems as a result of the assaults.

The defendants were charged severally with the assaults and with aiding and abetting the assaults. It therefore mattered not which defendant actually assaulted the victims in question. Defendant was convicted of one count of simple assault of Francis Addison, one count of assault resulting in serious bodily injury to Francis Addison, one count of simple assault of Royce Dauphanais, and one count of assault resulting in serious bodily injury to Royce Dauphanais. The jury could not agree whether the defendant committed (or aided and abetted) the conduct alleged to have been assault with a dangerous weapon upon either of the victims. However, the jury did unanimously agree that a portion of the alleged conduct did constitute simple assault as to each victim.

The simple assault lesser included offenses clearly were related to two separate incidents of assaulting two separate individuals, allegedly with a bat. Francis Addison claimed the defendant assaulted him (pushed him) with a bat but defendant was instead convicted of simple assault as to that charge. The jury had sufficient evidence that the defendant pushed Francis

6

Addison when the defendant entered the house, a simple assault. Royce Dauphanais claimed the defendant grabbed him, trying to pull him to the ground. There was also evidence that the defendant swung a bat, and defendant was alleged to have given a statement admitting to hitting Royce with a bat. The jury had sufficient evidence that the defendant committed, at the very least, a simple assault upon Royce.

Francis was beaten by one or more of the defendants, resulting in serious bodily injury. Clearly, the jury had sufficient evidence that the defendant, at a minimum, aided or abetted that assault. While the defendant was holding on to Royce, Royce was beaten by some other person, resulting in serious bodily injury. Clearly, the jury had sufficient evidence that the defendant aided or abetted that assault.

Under the "impulse test," the defendant's assaults on Francis and Royce which ultimately resulted in simple assault convictions should not be treated as one offense. Those simple assault convictions concerned separate victims at different times. Under the "impulse test," the assaults on Francis and Royce by co-defendant Mark High Elk and some other person, which assaults resulted in serious bodily injury, should not be treated as one offense. Those assault convictions concerned separate victims. The defendant's conduct in aiding or abetting aggravated assaults upon the two victims was separate conduct from the defendant's conduct in committing simple assaults upon the two victims.

I am mindful of the United States Supreme Court's opinion in Brown v. Ohio, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed. 2d 187 (1977), wherein Justice Powell cautioned that "[t]he Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." In that case, the defendant stole a vehicle in East Cleveland, Ohio, and drove it for nine days, finally ending up in Wickliffe, Ohio. He was charged in Wickliffe with joyriding on December 8, 1973. He was charged in East Cleveland with theft and joyriding on November 29, 1973. Under Ohio law, joyriding is a lesser included offense of theft. After correctly holding that the Blockburger test would preclude successive prosecutions, the Ohio Court of Appeals determined that the defendant could still be charged with both crimes because they "focused on different parts of his 9-day joyride." Id. The Supreme Court rejected that reasoning, stating that

7

Ohio law makes the theft and operation of a vehicle one offense. "We would have a different case if the Ohio Legislature had provided that joyriding is a separate offense for each day in which a motor vehicle is operated without the owner's consent." Brown v. Ohio, 432 U.S. at 169 n. 8, 97 S.Ct. at 2227 n. 8.

This case is different than Brown v. Ohio in that it concerns assaults on two victims by at least two defendants. The Eighth Circuit directs the application of the "impulse test" where assault is concerned and I have done so. Defendant cannot succeed on his claim that he received ineffective assistance of counsel in failing to raise the issue of double jeopardy because he can show no prejudice in that regard.

3. **Ineffective Assistance as to Advisory Use of the Federal Sentencing Guidelines**.

Defendant contends that his counsel was ineffective for failing to argue that I had to apply the Guidelines as mandatory and sentence him within the Guidelines range. As set forth above, the Supreme Court in Booker excised a portion of the Sentencing Reform Act to make the Federal Sentencing Guidelines advisory only. United States v. Booker, 543 U.S. at 245, 125 S.Ct. at 756-57. The rule "announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir.2005). Defendant was sentenced on October 25, 2004, in the interim between Blakely and Booker. He appealed his conviction and it was not yet final when the Booker opinion issued.

When I sentenced this defendant, I correctly concluded and predicted that the Supreme Court would strike down the Federal Sentencing Guidelines and that the Guidelines should be applied as advisory only. Had I applied the Guidelines as mandatory, the United States Court of Appeals would have remanded this matter to me for re-sentencing, taking the Guidelines into account as advisory only. United States v. McMorrow, 434 F.,3d 1116, 1118 (8th Cir. 2006), United States v. Mashek, 406 F.3d 1012, 1015 (8th Cir. 2005).

Defendant cannot succeed on his third claim for relief.

4. **Ineffective Assistance at Sentencing**.

Defendant contends that "counsel's failure to familiarize herself with the U.S. Sentencing Guidelines resulted in the petitioner's federal sentence of imprisonment being much, much

higher" than he would have received if she had "lodged objections in light of said guidelines." Defendant has not identified any particular enhancement that was applied which should not have been applied. The motion fails to set forth "sufficient allegations of facts which, if true, would justify relief." *See* Smith v. United States, 635 F.2d 693, 696 (8th Cir. 1980). "Merely stating unsupported conclusions will not suffice." Woods v. United States, 567 F.2d 861, 863 (8th Cir. 1978).

Defendant's base offense level was 15 pursuant to § 2A2.2(a). He received a four level enhancement pursuant to § 2A2.2(b)(2)(B) for use of a dangerous weapon. He also received a four level enhancement pursuant to § 2A2.2(B)(3)(B) because both victims sustained serious bodily injuries. Defendant appealed the four level enhancement for use of a dangerous weapon and the Court of Appeals found that I did not err in applying the enhancement.

Defense counsel is a federal public defender and is well versed in the Federal Sentencing Guidelines. She objected to over 30 paragraphs in the presentence investigation report, including the enhancements which were applied.

I determined the length of defendant's sentence. I did so taking into account the Guidelines calculations, which I determined independently by considering the evidence at trial, and the factors set forth at 18 U.S.C. § 3553. Certainly, defense counsel's alleged unfamiliarity with the Guidelines played no role in the sentence the defendant received.

Defendant cannot succeed on his fourth claim for relief.

## 5. Evidentiary Hearing.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because it plainly appears from the face of the motion that the defendant is not entitled to relief.

Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Accordingly,

### IT IS ORDERED:

1. Defendant's application, Doc. 169, to proceed *in forma pauperis* is granted.

2. Defendant's motion to vacate, set aside, or correct sentence is denied.

3. Defendant's motion, Doc. 170, for a 45 day extension within which to file a supportive brief is denied.

Dated this 24th day of May, 2007.

BY THE COURT:

CHARLES B. KORNMANN
U.S. District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J Daeple
            DEPUTY
(SEAL)